UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIA MOORE, | ) | |
| | ) | Case No. 1:03-CV-01258 |
| Plaintiff, | ) | |
| | ) | JUDGE ANN ALDRICH |
| v. | ) | |
| | ) | Magistrate Judge William Baughman, Jr. |
| CITY OF CLEVELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court is the Report and Recommendation ("R&R") of Magistrate Judge Baughman [Docket No. 41] on the motions for summary judgment filed by defendants Martin Rudin ("Rudin"), Daniel Jopek ("Jopek"), and collectively, the City of Cleveland, the Cleveland Police Department, the Mayor, the Director of the Department of Public Safety, and the Police Chief of the City of Cleveland (the "City") [Docket Nos. 15, 16, 17]. Plaintiff Julia Moore ("Moore") has filed objections to the R&R [Docket No. 43]. For the following reasons, the court denies Moore's objections and adopts the R&R in its entirety. Jopek and the City's motions for summary judgment are granted. Rudin's motion for summary judgment is granted in part and denied in part. The court enters judgment as a matter of law in favor of Jopek and the City of Cleveland on all claims against them, and dismisses them from this action. The court dismisses all claims against both John Doe defendants, the Cleveland Police Department, the Mayor, the Director of the Department of Public Safety, and the Police Chief of the City of Cleveland with prejudice. Finally, the court enters judgment in favor of Rudin on the 42 U.S.C. § 1985 claim against him.

## I.     Background

This case concerns the shooting death of Moore's husband, Stephon Moore, in 2002. The court adopts the R&R's clear and concise statement of the facts of the case. With respect to Moore's objections, the pertinent facts are as follows: Following the stop of Stephon Moore's car by Rudin and Jopek, two Cleveland police officers, Stephon Moore drove away. Rudin fired the shot that killed Stephon Moore, but Jopek fired two shots at Stephon Moore's vehicle as he was driving away. None of Jopek's shots struck Stephon Moore.

Moore filed suit in June 2003, alleging claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985 and Ohio state law against the defendants for her husband's death. All of the defendants filed motions for summary judgment on all claims, and those motions were referred to Magistrate Judge Baughman, who filed the R&R recommending (1) that the claims against the John Doe defendants be dismissed with prejudice for lack of personal jurisdiction, (2) that the claims against the Cleveland Police Department, the Mayor, the Director of the Department of Public Safety, and the Police Chief of the City of Cleveland be dismissed with prejudice as suits against those parties are to be construed as suits against the City of Cleveland itself, which is a party, (3) that the City of Cleveland be granted summary judgment on the 42 U.S.C. §1983 and state law claims against it, (4) that Jopek be granted summary judgment on the 42 U.S.C. § 1983 and state law claims against him, (5) that Rudin be denied summary judgment on the 42 U.S.C. § 1983 and state law claims against him, and (6) that Jopek, Rudin and the City of Cleveland be granted summary judgment on the 42 U.S.C. § 1985 claims against them.

Moore objects only to the fourth item, that summary judgment be granted in Jopek's favor on the 42 U.S.C. § 1983 and state law claims.

**II.     Discussion**

Federal Rule of Civil Procedure 72(b) requires the court to review *de novo* any portion of a magistrate judge's disposition to which specific objections have been made. Local Rule 72.3(b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." A district court "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.*

Moore raises two objections to the R&R's recommended disposition of the 42 U.S.C. § 1983 claims against Jopek. First, Moore objects to the R&R's finding that Jopek's conduct did not constitute a cognizable seizure because none of Jopek's shots hit Stephon Moore. Second, Moore objects to the R&R's finding that Jopek's actions were not a proximate cause of Stephon Moore's death. Neither of Moore's objections are well-taken.

With respect to the first objection, the Magistrate Judge correctly states that, under Sixth Circuit law, "shooting at a fleeing felon, but missing, is not a 'seizure'" sufficient to support a claim under 42 U.S.C. § 1983. *Adams v. City of Auburn Hills*, 336 F.3d 515, 519 (6th Cir. 2003) (citing *Cameron v. City of Pontiac*, 813 F.2d 782 (6th Cir. 1987)). Even if the facts are viewed in the light most favorable to Moore, *Jopek* did not fire his weapon until after Stephon Moore began driving away, or fleeing. The cases from the Third, Ninth and Tenth Circuits cited by Moore all involve instances where the defendant police officers actually shot the suspect in question. Jopek, on the other hand, did not shoot Stephon Moore. As such, under *Adams* and *Cameron*, Jopek did not effect a "seizure" of Stephon Moore, and there is no violation of the Fourth Amendment. Jopek is thus entitled to summary judgment on the 42

U.S.C. § 1983 claims against him.

With respect to the second objection, the Magistrate Judge correctly stated that, as it is undisputed that only one bullet struck Stephon Moore and that bullet was fired by Rudin, Jopek's shots could not have been a proximate cause of Stephon Moore's death. Moore does not refute this point, nor does she cite any authority to support her argument that proximate cause should be expanded to cover Jopek, who did not fire the fatal shot and, if the facts are viewed in the light most favorable to Moore, did not fire until *after* the fatal shot had been fired. Thus, even if the court assumed Jopek's actions constituted a "seizure" under the Fourth Amendment, his actions did not, as a matter of law, proximately cause Stephon Moore's death. The court denies both of Moore's objections, adopts the R&R's recommendations, and enters judgment in favor of Jopek on the 42 U.S.C. § 1983 claims against him.

Moore has not objected to any of the other portions of the R&R. After reviewing the well-reasoned and thorough findings of fact and conclusions of law, the court adopts the R&R in its entirety, and enters judgment as a matter of law in favor of the City of Cleveland on all claims against it, dismisses all claims against both John Doe defendants, the Cleveland Police Department, the Mayor, the Director of the Department of Public Safety, and the Police Chief of the City of Cleveland with prejudice, and enters judgment in favor of Rudin and Jopek on the 42 U.S.C. § 1985 claims against them for the reasons stated in the R&R.

### III.   Conclusion

For the foregoing reasons, the court denies Moore's objections [Docket No. 43] to the R&R [Docket No. 41] and adopts the R&R in its entirety. Jopek and the City's motions for summary judgment [Docket Nos. 16, 17] are granted. Rudin's motion for summary judgment [Docket No. 15] is granted in part and denied in part. The court enters judgment as a matter of law in favor of Jopek and

the City of Cleveland on all claims against them, and dismisses them from this action. The court dismisses all claims against both John Doe defendants, the Cleveland Police Department, the Mayor, the Director of the Department of Public Safety, and the Police Chief of the City of Cleveland with prejudice, and dismisses all of those defendants from this action. Finally, the court enters judgment in favor of Rudin on the 42 U.S.C. § 1985 claim against him. Moore and Rudin, the two remaining parties, are directed to file a joint status report describing all matters still in need of resolution, along with a proposed trial date, by November 10, 2006.

    IT IS SO ORDERED.

                                            /s/Ann Aldrich
                                            ANN ALDRICH
                                            UNITED STATES DISTRICT JUDGE

**Dated: October 16, 2006**